UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BROOKLYN BRANDS LLC,

        Plaintiff,

    v.

ETHAN LIEBERMAN,

        Defendant.

**MEMORANDUM AND ORDER**
18-CV-7245 (LDH) (ST)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

  Plaintiff Brooklyn Brands LLC commenced this action against Defendant Ethan Lieberman on December 19, 2018. (Compl., ECF No. 1.) Plaintiff asserts claims for misappropriation of trade secrets in violation of the Defend Trade Secrets Act and for breach of fiduciary duty, unfair competition, misappropriation of trade secrets, and tortious interference with current and prospective business relations under New York law. (*Id.*) On the afternoon of Friday, December 21, 2018, Plaintiff filed a motion for a temporary restraining order ("TRO"), preliminary injunction, and expedited discovery. (ECF No. 7.) A preliminary injunction is an extraordinary and drastic remedy and should be granted only where the moving party establishes (1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4) that the public interest is not disserved by relief. *JBR, Inc. v. Keurig Green Mtn., Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015). The standard for the issuance of a TRO is essentially the same. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). However, unlike preliminary injunctions, "TROs . . . are characteristically issued in haste, in emergency circumstances, to forestall irreparable harm." *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 16 (2d Cir. 1994). Not surprisingly, then, a plaintiff's "[d]elay in seeking enforcement of [its] rights . . . tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756

F.2d 273, 276 (2d Cir. 1985); *see also Majorica, S.A. v. R.H. Macy & Co., Inc.*, 762 F.2d 7, 8 (2d Cir 1985) ("Lack of diligence, standing alone, may . . . preclude the granting of preliminary injunctive relief, because it goes primarily to the issue of irreparable harm."). So is the case here.

According to the complaint, Plaintiff became aware of Defendant's unlawful conduct "[i]n late September 2018"—approximately three months ago. (Pl.'s Mem. Law Supp. Its Appl. TRO, Prelim. Inj., & Expedited Disc. 7, ECF No. 7-11.) And, although Plaintiff "asked [Defendant] to return" its purloined information and to refrain from soliciting its customers in "early October 2018," Plaintiff learned that Defendant's alleged misconduct was continuing up to and through November 7, 2018. (*Id.*) In other words, Plaintiff waited no less than six but as much as fifteen weeks to seek emergency relief from the Court—and then did so on the eve of a major holiday weekend. Having waited this long, Plaintiff can wait another few weeks. Fortunately, the Court is permitted to make a finding on Plaintiff's motion for a TRO without the necessity of a hearing, and it intends to do so here. *See Redac Project 6426, Inc. v. Allstate Ins. Co.*, 402 F.2d 789, 790 (2d Cir. 1968) ("[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it.").

Plaintiff's motion for a TRO is denied. The Court makes no finding with respect to Plaintiffs motion for a preliminary injunction and request for expedited discovery. The Court will hold a status conference in this matter on January 7, 2019, at 1:30 p.m., in Courtroom 4H North, during which it will set out a briefing schedule on Plaintiff's motion for a preliminary injunction and hear any request regarding discovery. Plaintiff shall serve Defendant with copies of its complaint, its motion papers, and this order by December 26, 2018.

SO ORDERED.

Dated: Brooklyn, New York  
      December 23, 2018

s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge